## UNITED STATES v. DIECKERHOFF et al.

(Circuit Court, S. D. New York. April 6, 1900.)

CUSTOMS DUTIES—CUSTOM HOUSE BONDS—DAMAGES FOR BREACH.

> The amount recoverable for the breach of a custom-house bond taken under Rev. St. § 2899, by the refusal of the principal obligor to return packages on demand of the collector, is double the estimated value of the particular packages so withheld, as liquidated damages; and such amount is not a harsh or excessive penalty, the object of the statute in requiring the bond being to secure the return of the packages when demanded, to obviate the necessity and trouble of resorting to extrinsic evidence to ascertain their contents.

On Demurrer to Complaint on a Custom-House Bond.

W. Wickham Smith, for demurrant.
Charles D. Baker, Asst. U. S. Atty.

TOWNSEND, District Judge. The questions herein arise on a demurrer to the complaint in an action at law brought by the United States on a custom-house bond taken under section 2899 of the Re-

vised Statutes. The bond is for the sum of $50,000. The essential part of the condition is as follows:

"The condition of this obligation is such that, if each and every package or packages of each and every importation made by the said principals at any time within six months from and after the date of these presents, and delivered from the custody of the officers of the customs, in pursuance of section 2899, Revised Statutes of the United States, shall, within ten days after the package or packages designated by the collector and sent to the public store to be opened and examined have been appraised and reported to him, be returned to the order of the collector without having been opened, except with the consent of the collector or surveyor given in writing, and then in the presence of one of the officers of the customs; or if the above-bounden obligors shall, in lieu of such return, pay to the proper collecting officer of said port double the estimated value of the package or packages of merchandise not so returned, then this obligation is to be void; otherwise, to remain in full force and virtue."

The question at issue is stated by the defendant as follows:

"The real question of law to be determined upon this demurrer is whether the amount stipulated in these bonds, given pursuant to section 2899, Rev. St., is to be regarded as a penalty to secure the payment of actual damages sustained and proved by the United States, or whether said amount is to be regarded as liquidated damages which the obligors of the bond may be compelled to pay, without proof that the United States has suffered any damage whatever, or as a statutory penalty in the nature of punishment for the violation of a statutory duty."

The complaint alleges that a certain package,—No. 420,—of the estimated value of $185, was ordered to be returned, and that its return was refused. That such refusal was a breach of the bond is not disputed. The defendant claims that only such actual damage as the plaintiff can prove it has suffered can be recovered in this action. The purpose of the bond is manifestly to prevent packages from being sold or opened, except in the presence of the collector, until the amount of duty to be paid thereon has been finally ascertained. In case fraud in valuation is suspected, any package can be called for and examined. The plaintiff insists that the intent of the law will be made effective by construing the condition of the bond to mean that for any package not so returned upon demand there shall be paid twice its estimated value. The only actual injury suggested in defendants' brief, for which, on their theory, damages could be awarded, would seem to be the additional expense of proving the contents of the package, caused by its absence. Loss of duties by reason of fraudulent description of contents of the package could not well be considered as actual damage arising from the refusal to return the goods to the collector for inspection; and, even if they could be so considered, the result would not be satisfactory, for, if the government should fail to establish the fraud by reason of the absence of the package called for, it could not recover for any such damage. Defendants say that there can be other evidence as to the contents of the packages than such as is obtained by an inspection of the packages themselves by the collector, and add:

"The cases containing the goods are only one kind of evidence by which to establish the character of the goods. Many cases will be found in the books where the character of imported merchandise, in suits by the government for forfeiture or duties, has been established by the testimony of informers, and by the testimony of foreign shippers, by documentary evidence, and in many

other ways. It may be harder to get this kind of evidence than it would be to open the cases if they could be produced, but this is no reason for giving a harsh and unreasonable construction to a statute seventy years after its enactment."

The object of the bond is to dispense with the necessity of resorting to such evidence. Defendants throughout maintain that, if plaintiff is entitled to recover at all for anything except for actual damage alleged and proved, it must recover twice the value of the whole shipment of which the package formed a part, and that such a penalty would be too severe. Such is not the proper construction of the bond. Upon the complaint as it stands, plaintiff, unless further answer is made, is entitled to recover, as liquidated damages, double the estimated value of the packages called for and not returned; and this is not a harsh or excessive penalty. To sustain the demurrer would violate the plain intent of the statute, and render it practically useless. The demurrer is overruled.